Ex parte FOLLETT.
FOLLETT v. SEVERSON.

No. 7436. Decided December 8, 1950. (225 P. 2d 16.)

See 24 C. J. S., Criminal Law, Sec. 1615. Right to hearing before revocation of suspension of sentence, see note, 132 A. L. R. 1248. See, also, 15 Am. Jur. 151.

*Clinton D. Vernon,* Atty. Gen., *Quenton L. R. Alston,* Deputy, Atty. Gen., for defendant-appellant.

*Aldon Anderson, Jr.,* Salt Lake City, for plaintiff- respondent.

WOLFE, Justice.

This is an appeal from a judgment entered below granting the respondent's petition for a writ of habeas corpus and releasing him from the custody of the appellant, warden of the Utah State Prison.

From the findings of fact made by the lower court it appears that on August 24, 1940, the respondent, having pleaded guilty to the crime of second degree burglary, was sentenced to a term of one to twenty years in the Utah State Prison. A stay of execution, however, was granted to the respondent until November 21, 1940, and he was placed in the custody of the chief agent of the adult parole and probation department of the State of Utah. Upon expiration of that stay of execution he was given an additional stay until March 15, 1941, and was ordered to appear before the court on that date. In accordance with the custom and practice of the district court of Salt Lake County and the state department of adult probation and

parole in dealing with defendants in criminal cases who receive sentences but are not committed, the respondent, at the time of sentencing, was required to sign a probation agreement under the terms of which he was to make a monthly report to the probation department as to his activity and whereabouts. The respondent was given to understand by the court and the probation department that if he kept the terms of the agreement he would be given successive stays of execution from time to time until his sentence was terminated by the court.

After November 4, 1940, the respondent failed to report monthly to the probation department and upon his failure to appear in court on March 15, 1941, as ordered, the court did not grant a further stay of execution to the respondent and issued an order for his commitment to prison. On that date the probation department did not know of his whereabouts except that the department had granted him permission to investigate the possibility of securing employment outside the state.

On August 7, 1949, over eight years later, the respondent was apprehended in Logan, Utah, and incarcerated in the jail of that city for approximately ten days. He was thereafter taken to the State Prison pursuant to the order of commitment issued in March of 1941 without any hearing or inquiry into the matter of his commitment. In light of the foregoing facts, the lower court granted the respondent's petition for a writ of habeas corpus, after concluding as a matter of law:

"1. That the [respondent] should have been served with a summons and/or citation advising him of the time and place when the question of his violation of probation would be considered by an agency having authority to make investigation and determination and that a complaint, affidavit, or other written charge alleging that he had so violated his probation should have been filed with an authority having jurisdiction to receive the same, and a copy of the same served upon the said [respondent].

"2. That the said [respondent] should have had an opportunity to secure witnesses by compulsory process, to cross-examine such witnesses as

might testify to his violation of probation in behalf of the state, or to make any defense of his position or to make any such explanation as might be necessary.

"3. That the deprival of the foregoing privileges was contrary to procedural due process as that is guaranteed under Article I, Section 7 of the Constitution of the State of Utah."

Upon this appeal, the appellant contends that the respondent was not entitled to a hearing on whether he had violated the terms of his probation agreement before he was committed to prison; that it is immaterial why he failed to appear before the court on March 15, 1941, as ordered; and that because his stay of execution expired on that date it was lawful for the court to commit the respondent pursuant to the lawful sentence previously imposed upon him.

For affirmance of the judgment below, the respondent relies chiefly upon the position taken by this court in *State v. Zolantakis*, 70 Utah 296, 259 P. 1044, 1047, 54 A. L. R. 1463. In that case we said:

"The majority of this court are of the opinion that a person who has a sentence suspended during good behavior, without any limitation, is entitled to a hearing upon the question of whether or not he has complied with the conditions imposed; that such hearing must be according to some well recognized and established rules of judicial procedure; that defendant is entitled to have filed either an affidavit, motion, or other written pleading setting forth the facts relied upon for a revocation of the suspension of sentence; that the defendant should be given an opportunity to answer or plead to the charge made; that a hearing should be had upon the issues joined; and that the defendant as well as the state be given the right of cross-examination. If we are correct in our conclusion that the defendant has a vested right to his personal liberty during good behavior when so ordered without reservation in the original sentence, any proceeding failing in these essentials is error."

It will be noted that in the Zolantakis case we were dealing with the revocation of a suspension of sentence during good behavior without any limitation of time, whereas in the instant case the respondent had been granted a stay of execution for a definite period of time, to wit, from November 21, 1940 to March 15, 1941, and ordered to appear in

court on the last mentioned date. Without expressing any opinion as to the correctness of our decision in the Zolantakis case, we think that the holding of that case requiring a hearing to be afforded a probationer before an order of commitment issues, should be limited to the facts of that case. It may be that where a defendant's sentence is suspended indefinitely upon the condition that he maintain "good behavior," he should be granted a hearing prior to the revocation of his suspension of sentence in order that he might have an opportunity to demonstrate that his conduct had not fallen short of "good behavior," especially since reasonable minds could differ as to what constitutes "good behavior." The writer of this opinion is not without doubt as to the correctness of the Zolantakis case having expressed himself to that effect in his opinion in *Christiansen* v. *Harris*, 109 Utah 1, 163 P. 2d 314, which in turn referred to his concurring opinion in *McCoy* v. *Harris*, 105 Utah 407, 160 P. 2d 721. But the question of whether a judge suspending a sentence during good behavior retains the unbridled power to change his mind on more mature thought with or without evidence of any conduct of the defendant which would warrant such change of mind, may well await a case where the facts of the Zolantakis case are repeated before determining whether we desire to entirely overrule it.

In the instant case, the respondent was ordered committed because he failed to appear in court on March 15, 1941 as ordered. That requirement, unlike the duty to maintain "good behavior," was definite and certain and did not leave room for an honest difference of opinion as to whether the respondent had fulfilled it. The respondent knew almost four months beforehand of his duty to appear in court on March 15, 1941. Thus upon his failure to appear in court, and no reason appearing as justification or excuse therefor, we conclude that it was not error for the

court to thereupon refuse to grant him an additional stay of execution and to order his commitment.

We are not dealing unfairly with defendants on probation by not affording them a hearing prior to their commitment to give them an opportunity to explain and justify, if they can, their apparent indifference to or defiance of a clear and definite court order, such as an order to appear on a specified date. With the means of communication available today, a probationer who because of some misfortune, unavoidable delay, or other justifiable reason finds himself in a situation where he is going to be unable to obey a court order or the terms of his probation agreement, would ordinarily be able to contact the probation department or the court and make a timely explanation of his predicament. In those rare instances where he is unable to so explain beforehand, he could, after commitment, if he has grounds in defense, or justification of his failure to keep his probation agreement, petition the court to set aside the order of commitment. By adopting this common sense rule, we place upon the probationer the burden of informing the court why an order of commitment should not issue when he fails to keep his agreement and if, for some reason, he is unable to so notify the court before commitment issues, he is given the burden of petitioning the court for a hearing to present his defense, if any. In both situations the onus rests on the probationer and not on the State, and rightfully so, for the probationer has been granted leniency by the court and he should be able at all times to demonstrate that he has kept faith with the court. Under section 105—36—17, Utah Code Annotated 1943, the trial court may, if it appears compatible with the public interest, suspend the imposition or execution of sentence and place the defendant on probation for such period of time as the court shall determine. It is not to be presumed that a judge, having absolute discretion to grant or deny probation, will arbitrarily revoke a defendant's probation or refuse to grant a

further stay of execution when he has abided by the terms of his agreement with the court and the probation department.

The judgment below is reversed.

WADE, LATIMER, and McDONOUGH, JJ., concur.

PRATT, C. J. dissents.